## J. A. PIERCE *v.* J. A. HUNTER ET AL.

1. EQUITY. *Bill to remove clouds. Complainants' title.*

   A bill to remove a cloud upon title is not maintainable where the complainants fail to aver or show title in themselves.

2. SAME. *Case.*

   Complainants in a bill to remove a cloud upon title, are entitled to no relief when their only averment or showing of title is a deed made to them and others, as trustees of a neighborhood school having no corporate existence, regular or irregular, which deed had been in fact surrendered to the grantor in pursuance of a change of plan agreed on by nearly all of those who paid the purchase money, together with others of the neighborhood interested in education, whereby the new deed to the land attacked by the bill was executed by the grantor to certain persons as trustees of a school of a different name, larger capacity and higher grade, but having the same patrons.

FROM the chancery court of Webster county.

HON. BAXTER MCFARLAND, Chancellor.

The case is sufficiently stated in the opinion.

*Fox & Roane*, for the appellant.

The appellees having entirely failed to aver or show title in themselves, could not call in question that of the appellants. The appellees not only failed to show title in the trustees of the "Mathison school," but also failed to show that they were the successors of those trustees, and so connect themselves with the title claimed under the surrendered deed.

COOPER, C. J., delivered the opinion of the court.

We find nothing in the pleadings or in the evidence which warrants the complainants in the bill, the appellees here, in challenging the title of the appellant to the land in controversy.

The defendant demurred to the bill, and one of the grounds of demurrer was that the complainants showed no title in themselves, and the court sustained the demurrer. The complainants asked and obtained leave to amend their bill, but no amendment was made, and the defendant, notwithstanding the fact that his demurrer had been sustained, filed an answer and a cross bill, and full proof was taken. But the evidence shows no state of facts upon which the complainants would be entitled to relief if their bill had been amended to fit the facts.

There is no allegation in the bill that conveyance of the legal title to the land was ever made to complainants. The evidence shows that Mathis conveyed the land "to the trustees of the Mathison school," but who these trustees were is not shown, and it further appears that the body of people composing the "Mathison school" was a neighborhood gathering without any sort of regular or imperfect corporate existence. A short time thereafter the same persons who had paid the purchase money to Mathis, with a few exceptions, together with some others, thought it better to acquire more land, to increase the capacity of the building by making some additions thereto, and to extend the curriculum so that the school would be of higher grade. To this end they proposed to organize the Mathison high school, and, to effectuate this purpose, they directed the trustees of the Mathison school to surrender the deed Mathis had made to them, and requested him to make a conveyance to the trustees of the Mathison high school. The first deed was surrendered, and Mathis conveyed the land to the "Mathison high school." It is this deed, and a sheriff's deed to the appellant, Pierce, made under an execution sale against certain parties as trustees of the Mathison high school, that the complainants seek to cancel. As we have said, it is not shown that complainants were grantees in the first conveyance. It is shown that they took part in the meetings at which the "Mathison school" and the "Mathison high school" were professed to be organized, and were subscribers to the imaginary stock in

the latter.    But they do not seem to have ever had any title to the land, legal or equitable, and, so far as the pleadings ·or proof shows, Pierce, the appellant, has as much right to the property as they.    In truth, on the record, the bill seems to be one exhibited to settle a neighborhood quarrel, and, so far as we can discover, the aid of the court is sought by parties who have no title, legal or equitable, in themselves, and have no right to represent anyone who has such title.

*The decree is reversed and the bill dismissed.*